UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-22697-CIV-MARTINEZ

JOSE ALEXIS TORRES,

    Plaintiff,

v.

PRETRIAL DETENTION CENTER, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before this Court on a *sua sponte* review of the record. On August 24, 2022, Plaintiff filed a Complaint under 42 U.S.C. U.S.C.§ 1983, (*see* ECF No. 1), and a Motion for Leave to Proceed *in forma pauperis* ("IFP"), (*see* ECF No. 3). This Court denied Plaintiff's IFP Motion without prejudice and ordered him to either pay the $402 filing fee or file a legally sufficient IFP Motion that attached his certified six-month inmate account statement covering the period immediately preceding the filing of the Complaint. (*See* ECF No. 4). The Court ordered Plaintiff to do so on or before **September 22, 2022** and cautioned him that "failure to timely pay the filing fee or renew the motion to proceed *in forma pauperis* may result in dismissal of this case without prejudice." (*Id.* at 2.)

Plaintiff did not file a legally sufficient IFP motion by that date. On October 4, 2022, this Court entered an order giving Plaintiff one final opportunity to either pay the filing fee or file a proper IFP motion on or before **November 4, 2022**. (*See* ECF No. 6.) This Court warned Plaintiff that the failure to comply with that Order would "result in the dismissal of this case without prejudice and without further notice." (*Id.* at 2.)

On October 25, 2022, Plaintiff filed another IFP motion but again failed to attach his inmate account statement. (*See* ECF No. 8.) In an accompanying "Motion to Receive Legal/Attorney Assistance," however, Plaintiff claimed that he was "being retaliated [against] by staff members" of his institution, who were "trashing all his legal documentation" and had "taken all of [Plaintiff's] copies and all the paper-work pertaining to this civil action[.]" (ECF No. 7 at 1.) Plaintiff alleged, nevertheless, that he mailed his inmate account statement to the West Palm Beach Division. (*Id.*) This Court confirmed, however, that the West Palm Beach Division never received Plaintiff's account statement.

In light of Plaintiff's allegations, this Court gave Plaintiff an opportunity to substantiate his claims. On September 27, 2023, this Court ordered Plaintiff to file an affidavit that provided: (1) the specific steps he took to obtain his account statement from jail officials and mail it on or before November 4, 2022; (2) the date(s) on which he mailed his account statement; (3) the name(s) of the jail officials who assisted Plaintiff in mailing his account statement; (4) the name(s) of any jail officials who interfered with Plaintiff's efforts to mail his account statement; and (5) the specific actions those officials took to interfere with such efforts. (ECF No. 9 at 3.. This Court instructed Plaintiff that "[t]his affidavit must be provided even if Plaintiff also provides his account statement or pays the filing fee." (*Id.* at 4.) This Court also instructed Plaintiff to "provide any documentation which shows that he requested and mailed his account statement, such as copies of his requests or responses from jail officials." (*Id.* at 3.) This Court granted Plaintiff until **October 27, 2023** to file the affidavit and supporting documentation and again warned him that the failure to comply with court orders would result in the dismissal of this case without prejudice. (*Id.* at 4.)

As of this date, Plaintiff has not complied with this Court's September 27, 2023 Order. Although he has provided his six-month account statement (which does not cover the period

immediately *preceding* the filing of the Complaint), he has not provided the affidavit. Instead, Plaintiff submitted a letter addressed to the Court. (*See* ECF No. 10.) This letter attempts to explain the steps he took to obtain his account statement, but it fails to provide most of the specific information this Court instructed him to include. Plaintiff's letter states that he (1) wrote and submitted a request for his account statement to the "floor counselor"; (2) received a copy of his account statement in response to that request; and (3) "placed it inside an envelope, and passed it along to a jail official/officer to be mailed out to its destination." (*Id.* at 1) (cleaned up). However, Plaintiff fails to include the date(s) on which he took those actions.

Plaintiff also fails to provide any of the other substantiating information that this Court instructed him to include. He does not explain how jail officials interfered with his efforts to timely provide his account statement or name the officials who interfered with those efforts. He alleges that on January 21, 2023, he was "attacked by a jail official who woke [him] up around 12:45 A.M. and battered [the] left side of [his] face." (*Id.*) But Plaintiff does not explain how this incident—which occurred more than two months after the November 4, 2022 deadline—relates to his failure to timely provide his account statement. Regarding the names of the jail officials who allegedly interfered with Plaintiff's efforts to mail his account statement, he states that he is afraid to name them for fear that they will hurt him. (*Id.* at 2.) Even accepting this allegation as true, however, Plaintiff still provides no details about *how* these officials interfered with his efforts. In addition, Plaintiff provides no documentation showing that he requested and mailed his account statement by the deadline, nor does he explain its absence.[1]

---

[1] The account statement Plaintiff mailed along with his letter says that it was "created" on October 9, 2023, and thus does not demonstrate that Plaintiff requested his account statement prior to the November 4, 2022 deadline. (ECF No. 1 at 4.)

In sum, Plaintiff's letter fails to "corroborate his claims [that] prison officials refused to provide [or mail] account statements" by the deadline set by this Court. *Bourassa v. Dozier*, 832 F. App'x 595, 598 (11th Cir. 2020). Plaintiff's failure to submit his filing in the form of an affidavit, his omission of dates or specific information about jail official's interference with his efforts to provide his account statement (despite this Court's clear instructions to include that information), his failure to provide the required documentation, and his reference to an unrelated incident, all demonstrate that he has not made good-faith efforts to comply with Court orders. *See id.* at 597–98 (affirming the dismissal of an inmate's section 1983 lawsuit where the district court found that the inmate's "'incomplete, inconsistent, and evasive filings'" regarding his failure to provide his account statement "demonstrated bad faith."). Accordingly, this Court shall dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and its inherent authority for failure to comply with Court orders. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE**. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20 day of November, 2023.

                                                             _____
                                                             JOSE E. MARTINEZ
                                                             UNITED STATES DISTRICT JUDGE

Copies provided to:
Jose Alexis Torres, *pro se*